SUCCESSORS OF GÓMEZ & VEGA, Plaintiffs and Appellees, *v.* TIBURCIO MERCED, Defendant.—JOSÉ MERCED, Intervenor and Appellant.

No. 4086.   Argued December 9, 1926.—Decided December 10, 1926.

*Carmelo Honoré* for the appellant.   *Adrián Agosto* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellees moved for dismissal of the appeal because the appellant had not filed a statement of the case in time. The appellant opposed the motion and exhibited a certificate showing that said statement had been approved by the judge. The court overruled the motion to dismiss by an order of the 6th of December, instant.

A reconsideration of the order of December 6th is now moved for on the ground that it was based on an error of fact in so far as the court admitted as established that the amended statement of the case had been filed within the term granted by the district judge, when as a matter of fact the term granted by the trial judge had expired when it was filed.

The appellee is right as regards "the amended statement of the case;" but as it appears from the record that the original statement was filed in time and the said statement and the proposed amendments formed part of the record, as held by the district judge in his order of the 15th of November, the question to be considered and decided is whether or not the said judge could admit and approve the new document containing the statement of the case as amended after the expiration of the period granted for that purpose by that same judge.

In our opinion the judge had discretion to act as he did. It is not a case of a jurisdictional period. All of the proceedings had been followed in accordance with the law. There was only left to be re-written a document in accordance with the amendments introduced therein. On the 14th of October, 1926, ten days were granted to the party who had filed the original document to amend the same. Shortly after the expiration of the term the amended document was filed and the judge decided to admit it, and this he did by an order of November 15, 1926, but not inadvertently, since he set forth the facts in his decision. The judge's action implies, if not the extension of the term granted because that was tech-

nically impossible, the granting of a new term, and the circumstances do not show any abuse of discretion.

Therefore, as the statement of the case had been definitely filed and was settled on the 15th of November, the term within which to file a transcript of the record in this Supreme Court has not expired and therefore the motion for dismissal is overruled.

Mr Justice Hutchison took no part in the decision of this case.